IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **Javon Santrell Foster** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No: 7:21-cv-08017-LSC |
| **United States of America** ) | Case No: 7:19-cr-00349-LSC-JEO |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OF OPINION**

**I.   Introduction**

Before this Court is Javon Santrell Foster's ("Foster's" or "Petitioner's") motion to vacate, set aside, or otherwise correct a sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The United States has responded in opposition to the motion. (Doc. 9.) The claims in his § 2255 motion are due to be dismissed for the reasons discussed below.

**II.   Background**

On June 25, 2019, Foster was indicted for possession with intent to distribute marijuana, alprazolam, oxycodone, morphine, and hydrocodone in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), (b)(1)(C) (Count One), carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two), and possession of a firearm by a prohibited person in violation of 18

U.S.C. § 922(g)(1) (Count Three). (*See* Crim Doc. 1.)[1]

On October 29, 2019, a superseding indictment added charges of possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) (Count Four), carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Five), and possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) (Count Six). (Cr. Doc. 25.)

On February 3, 2020, the defendant entered into a plea agreement and pled guilty to Counts one and four of the Superseding Indictment. (Cr. Doc. 47.) In exchange for his guilty plea, the government agreed to dismiss Counts two, three, five, and six at the time of sentencing. (*Id*.) On pages seven, eight, and nine of his plea agreement, Foster waived his appeal rights with certain limitations. (*Id*.) On June 23, 2020, Foster was sentenced to imprisonment of 240 months as to Count One and 120 months as to Count Four. (Cr. Doc. 56 at 2.) These sentences were to be served concurrently. (*Id*.) Upon release from imprisonment, Foster was ordered to be placed on supervised release for fifteen years. (*Id*. at 3.)

### III.   Timeliness and Non-Successiveness of Foster's § 2255 Motion

Foster filed this § 2255 Motion on June 23, 2021. This is exactly one year

---

[1] "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, *United States v. Foster*, No. 7:19-CR-00349-LSC-JHE.

from the date of sentencing, so it is within the one-year statute of limitations articulated in 28 U.S.C. § 2255(f). This filing is also his first motion, therefore, it is not "second or successive" within the meaning of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. at §§ 2255(h), 2244(b)(3)(A).

**IV.   Standard of Review**

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are limited. A petitioner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)).

In litigation stemming from a § 2255 motion, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are

affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979)). However, an evidentiary hearing is appropriate if, "accept[ing] all of the petitioner's alleged facts as true," the petitioner has "allege[d] facts which, if proven, would entitle him to relief." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (quoting *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987) and *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).

V. Discussion

   a. Appeal Waiver

Three of Foster's four grounds alleged in his § 2255 motion are precluded by the appeal waiver he signed in his plea agreement with the government.

"A criminal defendant who wishes to plead guilty can waive the right to challenge his conviction and sentence in exchange for a better plea deal." *King v. United States*, No. 20-14100, 2022 WL 2980490, at *1 (11th Cir. July 28, 2022). "A plea agreement is, in essence, a contract between the government and a criminal defendant." *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999). "Among the considerations that a defendant may offer as a part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily." *Id.* "With limited exceptions, a valid waiver of the right to appeal bars habeas claims brought under 28 U.S.C. § 2255." *King*, at *1. "[A] waiver is not knowingly or

voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates the defendant did not otherwise understand the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). "For an appeal waiver to bar claims raised in a § 2255 motion, at a minimum, the would-be petitioner must know at the time of the guilty plea that the right to federal habeas review exists, and she must realize she is giving up that right as part of her plea bargain." *Stone v. United States*, No. 20-10666-A, 2020 WL 4933699, at *1 (11th Cir. June 9, 2020).

As part of his plea agreement, Foster expressly waived the right to challenge his conviction or sentence in a § 2255 motion:

> In consideration of the recommended disposition of this case, I, JAVON SANTRELL FOSTER, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

(Cr. Doc. 47 at 7-8.) Further, in the plea colloquy, Foster responded "yes, sir" when asked by this Court: "When you signed it there on page nine, were you acknowledging that section that goes before your signature that's a waiver of your right . . . to file a post-conviction petition?" (Cr. Doc. 61 at 15.)

The only three rights reserved by the defendant to contest his conviction are: "(a) Any sentence imposed in excess of the applicable statutory maximum sentence(s); (b) Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and (c) Any claims of ineffective assistance of counsel." (*Id*. at 8.) The record clearly demonstrates that Foster was sentenced within the guideline sentencing range. (*See* Cr. Doc. 57.)

Because of this waiver he signed as part of his plea agreement, his claims in grounds one, two, and three cannot be brought. Grounds one and three allege violations of the Fourth Amendment and ground two alleges he was deprived of due process because he was not given a probable cause hearing. (*See* Doc. 1 at 3.) These three claims do not fall into any of the three exceptions listed above that he can bring despite his agreement with the government. These claims are not based on his sentence being in excess of the statutory maximum, his sentence being in excess of the guideline sentencing range, or ineffective assistance of counsel. However, his claim in ground four is not barred by his appeal waiver. Since ground four is based upon an allegation of ineffective assistance of counsel, it fits within the exception to the appeal waiver articulated in part (c) above. Thus, his claim in ground four is not barred by the waiver he agreed to in his plea agreement. His claims in grounds one, two, and three are barred and are due to be dismissed.

b.  **Procedurally Defaulted**

As well as being precluded by an appeal waiver as detailed above, grounds one, two, and three of Foster's motion are also procedurally defaulted. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). The procedural default rule "is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). A "procedural default can be excused, however, if one of the two exceptions to the procedural default rule applies." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). "The exceptions are: (1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence." *Id*.

"Cause ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Cause may also exist where "a constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). In addition to cause, however, the petitioner must also prove that the error "worked to his actual and substantial disadvantage," not just "the possibility of prejudice." *U.S. v. Frady*, 456 U.S. 152, 170 (1982). But if a petitioner fails to establish cause for failure to raise the claim earlier, a court need not even consider

whether the petitioner would suffer actual prejudice. *See Lynn v. United States*, 365 F.3d 1255 (11th Cir. 2004).

"A court may also allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 1234. "The miscarriage of justice exception is concerned with actual as compared to legal innocence." *Sawyer v. Whitley,* 505 U.S. 333, 339-40 (1992). "To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (stating that "actual innocence means *factual* innocence, not mere legal insufficiency.").

Foster never filed a direct appeal. The grounds he alleges in his § 2255 motion could have been addressed on appeal as there were no restrictions nor extenuating circumstances preventing the appeal of these issues. Although as mentioned above, these claims are barred as part of his appeal waiver, he did not even attempt to seek appellate review. In his motion, he offers no reason for his claims to be excused from the procedural default rule, nor does he make any claims of actual innocence. Considering this, grounds one, two, and three are also due to be dismissed as procedurally defaulted.

c. **Unsworn Motion**

Additionally, neither Foster's original petition nor his amendment are sworn under penalty of perjury. A motion under 28 U.S.C. § 2255 "must be signed under penalty of perjury by the movant or a person authorized to sign it for the movant." Rule 2(b)(5), Rules Governing Section 2255 Proceedings (2022). In *Mederos v. United States*, the petitioner filed his § 2255 motion without his Rule 2(b) signature under penalty of perjury. 218 F.3d 1252, 1254 (11th Cir. 2000). He then, after the one-year statute of limitations, sought to amend his petition and add it. *Id.* at 1253. The district court in that case dismissed the unsworn first motion as fatally defective and the second motion as untimely. *Id.* The Eleventh Circuit overturned this and said an unsworn motion is a "readily curable defect" and the petitioner "remedied the defect without delay," and that it "related back to his timely initial motion." *Id*. at 1253-54. However, in this case with Foster, his first motion that was defective was never cured. Even when the government filed a response alleging this defect over a year ago, Foster has made no attempt to remedy the deficiency. Along with the other reasons to dismiss this motion detailed in this opinion, the motion is also due to be dismissed because it is unsworn.

### d. Merits of Remaining Claim

Although defective because his motion was unsworn, this Court will address the merits of ground four regarding ineffective assistance of counsel.

As ground four, Foster alleges he was deprived of the effective assistance of

counsel when his counsel "[m]isrepresented the terms & rights given up." (Doc. 1 at 4.) Foster alleges that during his hearing, his counsel failed "to investigate the violation of Petitioner's Fourth Amendment Rights against 'unreasonable search and seizure' [which] demonstrated a failure to bring such knowledge and skills [to] secure Petitioner's Constitutional Rights to the fullest extent of the law." (*Id*.) Foster also alleges that his counsel failed to inform him of all the rights he would be forfeiting when he pled guilty. (*Id*.)

To prove ineffective assistance of counsel, a petitioner must prove that his counsel's performance was deficient and that the petitioner was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1987). Failure to satisfy either prong is fatal to the petitioner's claim. *Id*. at 697. "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.* at 687. Counsel's performance is to be "measured against an objective standard of reasonableness under prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (cleaned up). A petitioner must identify specific acts or omissions which reveal the lack of reasonably effective assistance. *Strickland*, 466 U.S. at 687; *see also*, *e.g.*, *Lecroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014) ("the burden of proof . . . on a § 2255 petition belongs to the petitioner"). A petitioner must also demonstrate actual prejudice – that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would be different."

*Strickland*, 466 U.S. at 694.

Further, "[c]onclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (internal citations omitted). "A petitioner is *not* entitled to an evidentiary hearing, however, 'when his claims are merely "conclusory allegations unsupported by specifics."'" *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

The allegations that Foster's counsel failed to investigate the violation of his Fourth Amendment rights are baseless. All Foster included in his petition are conclusory allegations. He offers no suggestion or argument of how any investigation would have changed the outcome of the proceeding; thus, these allegations are insufficient and are due to be dismissed without an evidentiary hearing. *See Tejada*, 941 F.2d at 1559.

Even if Foster's allegations were not dismissed as conclusory, counsel's performance was sufficient. To the extent the searches and seizures he is referring to are the ones described in grounds one and three, his attorney filed a motion to suppress evidence related to the very events he describes in his petition. (*See* Cr. Doc. 31.) The government responded in opposition to this motion (cr. doc. 42), and this Court denied the motion. (Cr. Doc. 44.) Foster's counsel did attempt to protect his rights, and it was denied by this Court, thus rendering counsel's performance sufficient because there was no further action for counsel to undertake on the matter.

Foster also alleges his counsel was deficient because they failed to "inform Petitioner of all the rights he'd forfeited as a result of pleading guilty." (Doc. 1 at 4.) This claim is far too general as he does not specify which rights he was not informed of. Thus, it is also conclusory just as the allegation above and is due to be dismissed. *See Tejada*, 941 F.2d at 1559.

As seen in the transcript of the plea hearing, Foster agreed that he had read the plea agreement and he was "acknowledging, stipulating, and agreeing that the factual basis that precedes [his] signature is true and correct" as well as "acknowledging . . . a waiver of [his] right to appeal or to file a post-conviction petition[.]" (Crim. Doc. 61 at 14-15.) This Court also informed him that:

> If [he] plead guilty, [he] will be just as guilty as if we had a trial and a jury found [him] guilty. As a matter of fact, [he] would be giving up a lot of those rights: giving up the right to trial; giving up the right to confront and cross examine the witnesses against [him]. [He] would be giving up the right to refuse to testify because, by pleading guilty, [he] do[es] testify; [he is] telling me that [he is] guilty and ready to be sentenced.

(*Id*. at 13-14.) Foster responded "no, sir" when asked if he had any questions regarding the rights he was giving up detailed above. (*Id.* at 14.) Because his allegations are merely conclusory, and he agreed during his plea colloquy that he understood what rights he was giving up, this allegation is due to be dismissed.

## VI. Conclusion

Foster's § 2255 motion to vacate, set aside, or correct a sentence is due to be

denied and this case dismissed with prejudice for the preceding reasons.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). This Court finds that Foster's claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on October 3, 2023.

L. Scott Coogler
United States District Judge

215708